UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
Civil Minutes- Telephonic Status Conference

**Lex. Civ. 19-185-JMH-CJS**            at **COVINGTON**                              **10/07/2021**

Style:  **Billy Ron Phillips v. Emily Price, et al.**

PRESENT:        **CANDACE J. SMITH, U.S. MAGISTRATE JUDGE**

**Stacie Gabbard**              **KYED-COV   5-19-cv-185_20211007_113410**
Deputy Clerk                    Audio File Number

I, Stacie Gabbard, CERTIFY the official record of this proceeding is an audio file.

| **Plaintiff** | **Attorney** |
|---|---|
| Billy Ron Phillips | Gregory Belzley (present) |

| **Defendants** | **Attorney** |
|---|---|
| Emily Price | John Hamlet (present) |
| Ronnie Hanes | John Hamlet |
| Mendalyn Cochran | John Hamlet |
| Brad Adams | John Hamlet |
| Jonathan Grate | John Hamlet |

**PROCEEDING: TELEPHONIC STATUS CONFERENCE**

   On October 7, 2021, the Court held a telephonic Status Conference with counsel to discuss scheduling matters and the pending motions.  After some discussion on the pending Motion to Substitute (R. 40), Attorney John Hamlet clarified that he is only seeking to substitute Henrietta "Cookie" Crews for Defendant Jonathan Grate as the Official Party Defendant representing the office of Commissioner of the Kentucky Department of Corrections, pursuant to Federal Rule of Civil Procedure 25(d).  The parties agree that Plaintiff's remaining individual capacity claim against Defendant Grate shall persist and Grate remains a party as to that claim.

   Attorney Gregory Belzley noted his recent appearance on Plaintiff's behalf (R. 43).  Attorney Belzley advised the Court that Plaintiff's pending Motion for Extension of Time is now moot since he has been retained by Phillips as his counsel in this matter.

   In discussing the setting of a case schedule, Attorney Hamlet acknowledged that the dates he provided in Defendants' Status Report (R. 39) were made in anticipation of Plaintiff proceeding *pro se*.  Attorney Hamlet stated that he does not oppose Plaintiff's proposed scheduling deadlines (R. 44).

Finally, Defendants' Status Report (R. 39) indicates that Defendants consent to jurisdiction of the Magistrate Judge for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c). Plaintiff's Response to Defendants' Status Report (R. 44) indicates that Plaintiff does not object to this provision of Defendants' Report, and during this Conference, Attorney Belzley confirmed that Plaintiff also consents to the undersigned's jurisdiction over this case for all purposes.

Accordingly, having heard from counsel, **IT IS ORDERED** as follows:

1) The Clerk shall submit this case to the presiding District Judge for his consideration, in light of the parties' consent to Magistrate Judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c).

2) Plaintiff's Motion for Extension of Time (R. 41) is **DENIED AS MOOT.**

3) Defendant Jonathan Grate's Motion to Substitute Party (R. 40) is hereby **GRANTED IN PART**. Jonathan Grate will continue to be a named Defendant in his individual capacity. However, as to the official capacity claim against Jonathan Grate, Henrietta "Cookie" Crews shall be substituted in place of Jonathan Grate as the Official Defendant for the Commissioner of the Kentucky Department of Corrections.

4) The following DEADLINES for discovery and general pretrial proceedings are imposed:

   a) Completion of Fact Discovery – **March 1, 2022**

   b) Joint Status Report - by **February 15, 2022**
   The report should confirm that the parties expect to complete fact discovery by the March 1, 2022 deadline and identify whether the parties anticipate the use of expert witnesses in the case. The report should also set forth the parties' positions on the feasibility of alternative dispute resolutions and, if the parties agree ADR is then appropriate, include their views on the method of resolution—mediation, settlement conference, etc.—and the timing of that method—before or while the parties move forward with expert identification/reporting and expert discovery.

   c) Expert Witnesses – Rule 26(a)(2)(A) identity disclosure accompanied by either (a)(2)(B) report or (a)(2)(C) summary disclosure:

   from Plaintiff, by **March 1, 2022**
   from Defendants, by **April 1, 2022**

   d) Completion of Expert Discovery – **May 1, 2022**

   e) Dispositive and *Daubert* Motions – by **June 1, 2022**

5)     The following procedure shall be used to address discovery disputes:

    a)     Parties shall first meet and/or confer in good faith and attempt to resolve discovery disputes between themselves, without judicial intervention;

    b)     If the parties are unable to resolve a dispute after conferring directly, they shall attempt to resolve their disagreement by calling the undersigned's chambers to schedule an informal telephone conference; and,

    c)     If, and only if, the parties are unable to resolve their discovery impasse after informal telephone conference, they may file appropriate written motions with the Court. Written motions regarding discovery shall include the certification required by Civil Rule 37(a)(1) and Local Rule of Civil Practice 37.1, if applicable.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

cc: COR
Deputy Clerk Init. **SLG**
TIC:   19 mins.

J:\DATA\Orders\civil lexington\2019\19-185-JMH mtn conf mins 10-7-21.docx

3