**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON**

[Filed Electronically]

| | |
|---|---|
| **BILLY RON PHILLIPS,** ) | |
| ) | |
|    Plaintiff ) | |
| v. ) | Case No. 5:19-cv-185-MAS |
| ) | |
| **EMILY PRICE, et al.,** ) | |
| ) | |
|    Defendants. ) | |

## PLAINTIFF'S TRIAL BRIEF

Plaintiff Billy Phillips respectfully tenders this brief for trial:

### Description of the Case

The undisputed facts of this case are:

1. On February 17, 2019, Plaintiff and his daughter, Brittany Phillips, visited Plaintiff's brother, Don Phillips, who is incarcerated at Northpoint Training Center ("NTC").

2. Plaintiff had visited his brother regularly throughout his incarceration, at more than half-a-dozen facilities of the Kentucky Department of Corrections ("KDOC"), without incident.

3. Prior to entering NTC's property on February 17, 2019, Plaintiff and his daughter were stopped at the NTC guardhouse where they spoke with the guardhouse officer, stated the purpose of their visit, and provided identification. Although their vehicle could have been searched at that time as a condition to their being permitted to enter NTC's property, it was not.

4. After entering NTC's property, Plaintiff parked his vehicle in a designated parking lot regularly trafficked by other persons, and where it was in the vicinity of other vehicles.

5. Prior to visiting Don Phillips, both Plaintiff and his daughter were thoroughly searched for contraband and none was found.

1

6. Plaintiff and his daughter then spent approximately three hours visiting Don Phillips, and the entirety of their visit was closely supervised by NTC staff.

7. After the visit, Don Phillips was strip-searched and no contraband was found.

8. Prior to exiting the prison, Plaintiff was informed by Defendant Price that she smelled marijuana in the vicinity of Plaintiff's truck.

9. Plaintiff was asked to consent to a search of his truck, but he refused, which was his right under the Fourth Amendment.

10. No one called the police or made any effort to obtain a warrant to search Plaintiff's truck.

11. There is no evidence that anyone other than Defendant Price allegedly smelled marijuana in the vicinity of Plaintiff's vehicle.

12. There is no evidence that Plaintiff or his daughter smoked marijuana or engaged in any other illicit activity on February 17, 2019.

13. There is no evidence of anything in or around Plaintiff's truck that smelled like marijuana.

14. Defendant Price temporarily suspended Plaintiff's right to visit his brother for his refusal to consent to a search of his vehicle, pending a review by the Defendant Warden Adams or his designee.

15. There is no evidence that Defendant Price's supervisor, Defendant Ronnie Hayes, did anything other than implicitly authorize, approve, or knowingly acquiesce in Defendant Price's action.

16. On February 19, 2019, Defendant Deputy Warden of Security Mendalyn Cochran permanently terminated Plaintiff's right to visit his brother, saying: "Per CPP 16.1, Section II,

Paragraph E, no. 1 "it is believed that your presence constitutes a probable danger to institutional security and interferes with the orderly operations of the institution" and Paragraph K, no. 3 "A visitor may be restricted for a specific period of time or **permanently** for violation of institutional rules and regulations or violations of law." (Emphasis in original).

17. On February 22, 2019, Don Phillips wrote a letter to Defendant Adams informing him of what had happened, and appealing the suspension of Plaintiff's visitation rights.

18. Instead of responding to Don Phillips' letter himself, Defendant Adams sent it to Defendant Cochran for response.

19. On February 25, 2019, Defendant Cochran responded to Don Phillips' letter saying only: "Your letter regarding your brother's visiting restriction was received in my office. The permanent restriction is appropriate."

20. There is no evidence that Defendant Adams investigated the matter, or did anything other than implicitly authorize, approve, or knowingly acquiesce in Defendant Cochran's decision.

21. Plaintiff has not seen his brother since February 17, 2019.

## Questions of Fact

The only questions of fact Plaintiff perceives in this matter are:

1. Whether Defendants Hayes and/or Adams implicitly authorized, approved, knowingly acquiesced in, or ratified their subordinates' conduct.

2. Whether Plaintiff's visitation rights were terminated without probable cause.

3. Whether Plaintiff's visitation rights were terminated without due process.

4. Whether Plaintiff's visitation rights were terminated in retaliation for his exercise of his Fourth Amendment right to refuse to give Defendants his consent to search his vehicle.

5.	Whether Plaintiff's visitation rights remained terminated in retaliation for the appeal of the suspension of such rights.

6.	Is Plaintiff entitled to recover actual damages for the mental pain and suffering caused by Defendants' conduct?  If so, against whom and how much?

7.	Should punitive damages be awarded against one or more Defendants for their misconduct?  If so, against whom and how much?

## **Questions of Law**

Plaintiff does not believe this case raises any questions of law.  The law governing Plaintiff's claims is clearly established, and is as follows:

1.	42 U.S.C. § 1983 provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.  It is undisputed that Defendants were acting in the course and scope of their employment by the Commonwealth of Kentucky during the events in issue.

2.	The First Amendment to the Constitution of the United States guarantees American citizens the right to petition their Government for a redress of grievances.  Plaintiff therefore had a First Amendment right to appeal the suspension of his right to visit his brother.  *Thacker v. Campbell*, 165 F.3d 28 (Table), 1998 WL 537599 at *2.

3.	The Fourth Amendment to the Constitution of these United States provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

4.	The Fourth Amendment grants Plaintiff the constitutional right to refuse to consent to a search of his vehicle.  *Spear v. Sowders,* 71 F.3d 626, 632 (6th Cir. 1995).

4

5. Section 1 of the Fourteenth Amendment to the Constitution of these United States provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

6. Defendants' violation of applicable policies is evidence that they were deliberately indifferent to Plaintiff's clearly-established constitutional rights. *Barker v. Goodrich*, 649 F.3d 428, 436-37 (6th Cir. 2011); *Harris v. City of Circleville,* 583 F.3d 356, 369 (6th Cir. 2009); *Talal v. White*, 403 F.3d 423, 428 (6th Cir. 2005).

7. For supervisory liability to exist, a supervising Defendant need only have implicitly authorized, approved, or knowingly acquiesced in the misconduct of a subordinate. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982)).

8. "[W]hen a subordinate's decision is subject to review by [Defendant's] authorized policymakers, they have retained the authority to measure the official's conduct for conformance with their policies. If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to [Defendant] because their decision is final. *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

### III. Damages

#### A. Actual Damages.

Plaintiff's actual damages are the mental pain and suffering flowing from the violation of his constitutional rights, the permanent suspension of his right to visit his brother, and his inability to visit his brother for almost four years.

#### B. Punitive Damages.

. The Kentucky Supreme Court in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (Ky. 2003) identified the factors to be considered in awarding punitive damages:

1) whether the harm caused was physical as opposed to economic;

2) whether the tortious conduct evinced an indifference to or a reckless disregard of the rights of others; and

3) whether the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*Id.,* at 419.

### Evidentiary Issues

Plaintiff foresees no unique or novel evidentiary issues in this case.

### Testimony Presented Live or By Deposition

No depositions have been taken in this case. Plaintiff will appear live to testify at the trial. Plaintiff will be moving for a writ of *habeas corpus ad testificundum* so that Don Phillips can testify live at trial. Defendants have agreed to appear and testify live in Plaintiff's case-in-chief.

### Pending Motions

Plaintiff will be moving for a writ of *habeas corpus ad testificundum* so that Don Phillips can testify live at trial.

Respectfully submitted,

/s/ Gregory A. Belzley
Gregory A. Belzley
gbelzley3b@gmail.com
P.O. Box 278
Prospect, KY  40059
502/292-2452

***Counsel for Plaintiff***

6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was delivered on September 23, 2022 via CM/ECF to all counsel of record.

/s/ Gregory A. Belzley
Gregory A. Belzley