UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

BILLY RON PHILLIPS,        )
                           )
                           )
    Plaintiff,             )
                           )   NO. 5:19-CV-185-MAS
v.                         )
                           )
EMILY PRICE, et al.,       )
                           )
                           )
    Defendants.            )
                           )

## ORDER

Plaintiff Billy Ron Phillips ("Phillips") has filed a motion in limine seeking the exclusion of (1) any evidence concerning Donald Phillips's criminal history and (2) any explanation for the termination of Phillips's visitation right other than those disclosed in discovery. [DE 70]. Defendants did not file a response. Because the time to file a response has well passed, the matter is ripe for the Court's review.

Phillips filed the current civil rights complaint against prison officials regarding the revocation of his right to visit his brother, Donald Phillips, who is incarcerated at the Northpoint Training Center. As detailed by the Court previously, after Phillips and his daughter visited his brother, Phillips was confronted by various prison officials suggesting Phillips's person and his car smelled of marijuana. [DE 23 (Memorandum Opinion & Order)]. Prison officials sought consent to search Phillips's car, but Phillips refused. In the end, Phillips was permanently suspended from visiting his brother. This lawsuit is the result.

1

Phillips first argues that, under FED. R. EVID. 401, 403, 404(b)(1), and 609, Defendants are not permitted to assert any evidence as to why Donald Phillips is currently incarcerated or his general criminal history. [DE 70, Page ID# 416]. Phillips concedes that the jury would certainly understand by the very nature of the allegations that Donald Phillips is incarcerated, and Donald Phillips would likely appear in Court shackled and wearing a prison jumpsuit. However, the nature of Donald Phillips's conviction or his criminal history is irrelevant, prejudicial, improper character evidence, and improper impeachment evidence of character. The Court agrees. Donald Phillips's incarceration will certainly be an obvious and fundamental fact to any trial in this matter, but the reason he is incarcerated bears no relevancy to any "fact [] of consequence in determining the action." FED. R. EVID. 401(b). Moreover, introduction of such evidence would prejudice Phillips and not serve as proper character evidence. FED. R. EVID. 403, 404(b)(1), 609. For these reasons, Phillips's motion on this ground is granted.

Phillips next argues that any explanation for the termination of Phillips's visitation rights be limited to the discovery responses Defendants have provided to date. [DE 70, Page ID# 417]. Specifically, per Phillips, Defendants' discovery responses "indicate only that Plaintiff's visitation rights were terminated because he refused to consent to a search of his vehicle after Defendant Emily Price alleged that she smelled marijuana."[1] [*Id*.]. Discovery has long ago closed in this matter. [*See* DE 55, 60, 63]. Under Federal Rule of Civil Procedure 26(e)(1)(A), a party "who has responded to an interrogatory … must supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is

---

[1] Phillips, in his motion, indicates Defendants' discovery responses are attached as Exhibit 1 to his motion. However, Phillips attached no such document. Because Defendants did not respond, the Court will rely upon counsel's representation as to the content of the discovery responses.

2

incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Rule 26(e) "was intended to ensure prompt disclosure of new information, not to allow parties to spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures." *Barlow v. Gen. Motors Corp.*, 595 F. Supp. 2d 929, 935–36 (S.D. Ind. 2009).  Defendant have not responded to Phillips's motion on this point nor suggested any other pleadings an alternative theory for suspending Phillips from seeing his brother.  An eleventh-hour disclosure a mere two months prior to trial by Defendants would need to meet the stringent rigors of FED. R. CIV. P. 37(c).  Until such time, Phillips's motion is granted on this ground as well.

For the reasons detailed above, and the Court being sufficiently advised, **IT IS ORDERED** that Plaintiff's Motions in Limine [DE 70] is **GRANTED** and Defendants are precluded from introducing any evidence discussing Don Phillips's criminal history and are precluded from introducing any evidence for the basis of the termination of Plaintiff's visitation rights other than those described in Defendants' written discovery responses.

Entered this 27th day of October, 2022.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY